ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
MATTHEW A. PARRELLA (NYBN 2040855)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00312-EJD (SVK) |
| Plaintiff, | [PROPOSED] STIPULATED INTERIM PROTECTIVE ORDER. |
| v. | |
| XIAOLANG ZHANG, | |
| Defendant. | |

     WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is confidential and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)), including documents and other items obtained during the course of the investigation from victim companies and other third parties;

     WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing personally identifiable information of

STIPULATION & [PROPOSED] ORDER
CR 18-00312 EJD

1  individual victims and other third parties, including information that is subject to Federal Rule of

2  Criminal Procedure 49.1;

3       WHEREAS the United States and the defendant deem it appropriate for the purpose of

4  facilitating pretrial negotiations and to provide for the protection of such information without agreeing

5  that the specific information is in fact confidential, is a trade secret, or is subject to other legal

6  protection, and with the further understanding that nothing in this stipulated protective order creates any

7  presumption regarding whether the specific information is confidential, is a trade secret, or is subject to

8  other legal protection, and lastly preserving defendant's rights to challenge any such designation at a

9  later time;

10       IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendant

11  and his counsel, that the following definitions and procedures will govern the designation and handling

12  of material and other information produced by the United States during pretrial negotiations, while

13  reserving the question of how such material and information should be handled at trial, and during pre-

14  or post-trial hearings for a future time.

15       1. Definitions:

16         a. "Confidential Material" shall mean information that the Government contends is

17         intended to be kept secret, is a trade secret within the meaning of 18 U.S.C. § 1839(3), or

18         contains personally identifiable information of individual victims and other third parties,

19         including information that is subject to Federal Rule of Criminal Procedure 49.1.

20         b. "Highly Confidential Material" shall mean Confidential Material that the government

21         contends should be subjected to "Attorney's Eyes Only" Restrictions.

22         c. "Discovery Material" shall mean all materials disclosed by the United States during

23         discovery in this case (regardless of whether the criminal number assigned to this case

24         changes due to the filing of an indictment or superseding indictment).

25         d. The protections conferred by this Stipulated Interim Protective Order cover not only

26         Confidential Material and Highly Confidential Material (as defined above), but also

27         include (i) any information copied or extracted from Confidential Material and Highly

28         Confidential Material; (ii) all copies, excerpts, summaries, or compilations of

Confidential Material and Highly Confidential Material; and (iii) any testimony, conversations, or presentations by the parties and their counsel that might reveal Confidential Material and Highly Confidential Material.

e. Inadvertent failure to designate qualified information or items as Confidential Material or Highly Confidential Material does not, standing alone, waive the United States' right to secure protection under this Stipulated Interim Protective Order for such material if timely corrected. Upon timely correction of designation, the defendant and his counsel must make reasonable efforts to assure the materials are treated in accordance with the provisions of this Stipulated Interim Protective Order.

2. The United States may designate Discovery Material as Confidential Material or Highly Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above.  Any labeling, segregation, or designation of Discovery Material as "Confidential Material" or "Highly Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to defendant by marking the Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material or Highly Confidential Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material or Highly Confidential Material, shall be labeled on the outside of the media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The Government shall maintain unlabeled, or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent proceedings.

3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant's counsel in the above-captioned case and furnished, at this time, to no one other than defendant's counsel in the above-captioned case, defendant, the staff supporting defendant's counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who

1   are working on this case under the direction of defendant's counsel and to whom it is necessary that the

2   materials be disclosed for purposes of the defense of this case.  Discovery Material designated as

3   "HIGHLY CONFIDENTIAL" shall be treated in the same manner in all respects as "CONFIDENTIAL"

4   material, except that "HIGHLY CONFIDENTIAL" material shall not be disclosed to the defendant and

5   shall not be delivered into the possession of any expert retained by the defense.  In the event that the

6   defendant or his counsel wishes to consult an expert regarding Confidential and/or Highly Confidential

7   materials, the procedure for doing so is addressed in paragraph 8 of this agreement.  All such material

8   shall be kept in the offices of defendant's counsel in the above-captioned case and neither this material

9   nor any copies of this material shall leave that office for any purpose except submission in camera to the

10  Court.  Should the defendant be detained prior to resolution of the Indictment, his counsel may bring the

11  designated Confidential (but not Highly Confidential) material to the facility in which he is incarcerated

12  to assist in the defendant's preparation, but shall not leave any such Confidential Material with the

13  defendant. All material designated Confidential or Highly Confidential shall be used solely for the

14  purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose

15  whatsoever, and shall not be used for the economic benefit of defendant or for the benefit of any third

16  party.  All motions which contain any of the material labeled "CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further

18  order of the Court.  Confidential Material and Highly Confidential Material filed under seal shall be

19  filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of

20  this case and the notation:

21          TO BE FILED UNDER SEAL

22          Contains Confidential and/or Highly Confidential Material

23          To Be Opened Only As Directed By The Court

24          4. The recipient of any Confidential Material or Highly Confidential Material that is provided

25  under this Stipulated Interim Protective Order (a) shall keep such information in a manner reasonably

26  intended to preserve and maintain the confidentiality of the information, including by storing that

27  material in an encrypted format that uses encryption and password controls at least as secure as those

28  used by the United States when producing the material and storing such materials in physically-secure,

locked locations that are accessible only to persons permitted access by this Interim Protective Order and are not accessible via the internet, and (b) shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendant and his counsel in the above-captioned case agree to return or certify the destruction of all Confidential Material and Highly Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent the defendant (or, for Highly Confidential Material, defendant's counsel) from using the Confidential Material for the purposes of this case or from referring to, quoting, or reciting from any information contained in such Confidential Material or Highly Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection.  The use of Confidential Material or Highly Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should the defendant dispute the propriety of any designation of Discovery Material as Confidential Material or Highly Confidential Material, his counsel shall notify the United States in writing.  Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing.  If, after this exchange of correspondence, the defendant and the United States cannot resolve their dispute, they may apply to the Court to do so.  During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order.  The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and his counsel may choose not to formally challenge the Government's designation of certain material as confidential or highly confidential at this stage in the proceeding.  The defendant's failure to challenge the designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential or highly confidential designation, or the ability to contest that certain portions of the designated confidential material constitutes "trade secret" information under 18 U.S.C. § 1839(3) or is

1  personally identifiable information, including information that is subject to Federal Rule of Criminal

2  Procedure 49.1.

3      8. At such time as the defendant retains an expert or experts to assist in the review of the

4  Confidential Material and/or Highly Confidential Material, such person shall execute the

5  Acknowledgment included with this Stipulated Interim Protective Order, which shall then be submitted

6  to the Court ex parte and in camera, together with a curriculum vitae and employment history of the

7  expert, by the defendant.  The purpose of the requirements of this paragraph is to allow the Court to

8  review this in camera submission and assess whether any potential conflict of interest exists on the part

9  of the proposed expert.  Defendant shall not be required to provide said Acknowledgment, or the identity

10  of the expert who signed it, to the United States, unless so ordered by the Court. The United States

11  retains the right to request that the Court authorize such disclosure of the identity of the expert, and to

12  request that the Court order the defendant to provide the Court with additional information on potential

13  conflicts of interest of any expert witness at the Court's request.  Nothing in this paragraph relieves the

14  defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United

15  States waive any rights thereunder by entering into this stipulation.

16      (a)    Alternatively, the Defendant may request that the United States make Discovery Material

17  available for inspection by an expert witness qualified under paragraph 8 of this Stipulated Interim

18  Protective Order on a secure laptop (the "Secure Laptop") at any domestic office of O'Melveny &

19  Myers LLP ("O'Melveny"). Such material will be made available subject to the following provisions:

20      (i)    The United States shall provide the Secure Laptop to the O'Melveny office

21      specified by the Defendant within a reasonable time after the Defendant's request. All Discovery

22      Material shall be encrypted at rest on the Secure Laptop, and the Government will supply the

23      encryption password to counsel for the Defendant but not to O'Melveny. Counsel for the

24      Defendant may not provide that password to any person not permitted access to Highly

25      Confidential Material pursuant to this Stipulated Interim Protective Order. The Secure Laptop

26      will not have Internet access, will have all wireless communications (including WiFi and

27      Bluetooth) disabled, and will have all physical ports disabled.

28

STIP. INTERIM PROT. ORDER
CR 18-00312-EJD                    6

(ii)     O'Melveny shall make the Secure Laptop available to the expert(s) in a secure room (the "Review Room") between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays). No computer other than the Secure Laptop is permitted in the Review Room. No recordable media or recording-capable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Review Room.

(iii)    The expert(s) shall be entitled to take notes relating to the Discovery Materials but may not copy the Discovery Materials verbatim into the notes and may not take such notes electronically. No person may copy or convert to electronic form the notes of the expert(s), and the expert(s) must store the notes in physically secure, locked locations that are accessible only to persons permitted access by this Stipulated Interim Protective Order.

(iv)    O'Melveny may visually monitor the activities of the expert(s) during any such review but only to ensure that no devices prohibited by this Stipulated Interim Protective Order are present in the Review Room.

9. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential or highly confidential. Nothing in this order shall preclude the United States or defendant from applying to the Court for further relief or modification.  The parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations, and is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

//
//
//
//
//
//

STIP. INTERIM PROT. ORDER
CR 18-00312-EJD                    7

1    10. Willful violations of this Stipulated Interim Protective Order may be punishable by contempt

2    of court, whatever other sanction the Court deems just, or any other sanctions or combination of

3    sanctions that are legally available.

4

5    Dated: 09-10-18_____              Respectfully submitted,

6                                           ALEX G. TSE
                                            United States Attorney
7

8                                           _____/s/_____

9                                           AMIE D. ROONEY
                                            MATTHEW A. PARRELLA
10                                          Assistant United States Attorneys

11

12

13   Dated: 09-10-18_____             _____/s/_____
                                            DANIEL OLMOS
14                                          Counsel for XIAOLANG ZHANG

15

16

17

18

19   IT IS SO ORDERED.

20

21   Dated:_____

22

23                                          _____
                                            HONORABLE EDWARD J. DAVILA
24                                          United States District Judge

25

26

27

28

STIP. INTERIM PROT. ORDER
CR 18-00312-EJD                    8

1

2

**AGREEMENT TO BE BOUND BY**
**STIPULATED INTERIM PROTECTIVE ORDER**

3

4        The undersigned, defendant XIAOLANG ZHANG, and his counsel in the above-captioned case,

5   CR 18-00312-EJD, hereby acknowledge that he has received a copy of the Stipulated Interim Protective

6   Order, has read, understands, and agrees to be bound by all of the provisions thereof, and hereby submits

7   to the jurisdiction of the United States District Court for the Northern District of California for the

8   purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of

9   any violations thereof.

10  Dated:_____

11                                                                    _____
                                                                      DANIEL OLMOS

12                                                                    Counsel for XIAOLANG ZHANG

13

14  Dated:_____

15                                                                    _____
                                                                      XIAOLANG ZHANG

16                                                                    Defendant

17

18

19

20

21

22

23

24

25

26

27

28

ACKNOWLEDGMENT RE STIP. INTERIM PROT. ORDER
CR 18-00312-EJD

**ACKNOWLEDGEMENT OF**
**STIPULATED INTERIM PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in *United States v. Xiaolang Zhang,* No. CR 18-00312 EJD, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

Dated:_____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

_____
Email Address

ACKNOWLEDGMENT RE STIP. INTERIM PROT. ORDER
CR 18-00312-EJD