Daniel B. Olmos (CA SBN 235319)
NOLAN BARTON & OLMOS LLP
600 University Avenue
Palo Alto, CA  94301
Tel. (650) 326-2980
Fax (650) 326-9704

Counsel for Defendant
Xiaolang Zhang

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>XIAOLANG ZHANG,<br><br>　　　　　Defendant. | Case No. 5:18-cr-00312 EJD<br><br>**DEFENDANT XIAOLANG ZHANG'S OPPOSITION TO GOVERNMENT'S MOTION FOR REVOCATION OF ORDER REMOVING LOCATION MONITORING** |

　　　　Defendant Xiaolang Zhang, through undersigned counsel, hereby opposes the Government's motion for revocation of the Magistrate Judge's October 15, 2019, order removing location monitoring as a condition of his pretrial release.

I.　Factual and Procedural Background

　　　　Mr. Zhang, a legal permanent resident of the United States, is charged by Indictment dated July 12, 2018, with a single count of violating 18 U.S.C. 1832(a)(2) (theft of trade secrets).  The gravamen of the allegation is that, on April 30, 2018, Mr. Zhang stole a detailed schematic of a circuit board designed for use in an autonomous vehicle from Apple.  Although Mr. Zhang possessed the schematic drawing after leaving Apple for a competitor in the autonomous vehicle industry – X Motors – there is no evidence that Mr. Zhang ever transferred that drawing or any other

1

Apple intellectual property to his new employer or another third party.  Mr. Zhang was arrested on July 7, 2018, at San Jose International Airport.  He intended to visit his infant son, who was born in the United States but thereafter traveled to China with Mr. Zhang's wife, and introduce his son to his own family in China.  He had purchased a roundtrip ticket.

Mr. Zhang was ordered released by Magistrate Judge Virginia DeMarchi on July 10, 2018, on a series of conditions including *inter alia* a $300,000 secured bond ($10,000 in cash, and $290,000 secured by the San Jose residence where Mr. Zhang continues to live with his wife and son), the surrender of all Mr. Zhang's passports and visas, and GPS monitoring.  Mr. Zhang's wife is also a signed surety for the bond.

On October 30, 2018, Pretrial Services emailed the parties to inform them that it would recommend that the GPS monitoring requirement be removed.  To that point, Mr. Zhang had been compliant with all conditions of his pretrial release, and Pretrial Services deemed the monitoring requirement to be unnecessary.  However, the Government indicated that it opposed any modification, and neither Pretrial Services nor the defense sought a modification of Mr. Zhang's release conditions with the Court at that time.

On September 30, 2019, Pretrial Services formally requested that Mr. Zhang's GPS monitoring requirement be removed.  At the October 15, 2019, hearing, Pretrial Services and the defense argued that the monitoring requirement was unnecessary in light of all relevant circumstances, emphasizing the fact that Mr. Zhang had been compliant with his release conditions for almost a year and a half (including the GPS monitoring requirement which Pretrial Services had recommended deleting a full year before), and had found and maintained permanent employment.  Judge DeMarchi ordered the GPS monitoring requirement removed, but stayed her order to allow the Government to seek review in this Court.

II. Discussion

Location monitoring is unnecessary to secure Mr. Zhang's appearance in this Court and is therefore an illegal condition of pretrial release under the Bail Reform Act.  Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court must impose the least restrictive conditions or combination of conditions that will reasonably assure the appearance of Mr. Zhang in these proceedings.

Mr. Zhang is a legal permanent resident of the United States, and has a two year old son who is a United States citizen.  His family's primary asset – its San Jose home – secures his release.  Mr. Zhang has no criminal history whatsoever.  The Government's argument that Mr. Zhang poses a flight risk because he is a Chinese citizen is insufficient to warrant GPS monitoring.  Mr. Zhang has full-time employment, a new family, and no travel documents.  Moreover, the Government's reliance upon two previous cases in the Northern District of California involving white collar defendants who apparently fled the jurisdiction before trial is both inapposite and inappropriate.  Mr. Zhang, like all other defendants, is legally entitled to an individualized determination of his release conditions under the Bail Reform Act.  In *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006), the Ninth Circuit held:

> *Salerno* was explicit about what must occur under the federal Bail Reform Act—beyond arrest—before a pretrial criminal defendant could be detained . . . . the Supreme Court upheld the constitutionality of a bail system where pretrial defendants could be detained *only if the need to detain them was demonstrated on an individualized basis*.

*Id.* at 874 (emphasis added) (citing *United States v. Salerno*, 481 U.S. 739, 750 (1987)).

Mr. Zhang is not a flight risk, and the remaining conditions of his pretrial release are more than adequate to ensure his continued participating in these criminal proceedings.

III. Conclusion

For the foregoing reasons, Mr. Zhang opposes the Government's motion to revoke the Magistrate Judge's order to remove the GPS monitoring requirement of his pretrial release conditions.

Dated: November 11, 2019					NOLAN BARTON & OLMOS LLP

   /S/ Daniel B. Olmos
Daniel B. Olmos

Attorney for Defendant Xiaolang Zhang