UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s)<br><br>v.<br><br>XIAOLANG ZHANG,<br><br>Defendant | Case No. CR 18-00312 EJD<br><br>ORDER GRANTING MOTION TO REVOKE ORDER REMOVING LOCATION MONITORING<br><br>Dkt. No. 33 |

On July 9, 2018, the Defendant was arraigned before Magistrate Judge Virginia DeMarchi on a complaint charging him with a violation of 18 U.S.C. § 1832(a)(1), Theft of Trade Secrets. Dkt. No. 2. On July 10, 2018, Judge DeMarchi held a detention hearing and ordered the release of Defendant pending trial on condition of a $300,000 bond, secured by real property and $10,000 in cash. Dkt. No. 4. Other conditions of his release included pretrial supervision, travel restriction to the Northern District of California, surrender of Defendant's passports and GPS monitoring to ensure compliance with location restrictions.

On October 2, 2019, Pretrial Services submitted a request to remove the GPS location monitoring condition and Magistrate Judge DeMarchi set a bail review hearing for October 15, 2019. On October 15, after hearing from all parties, Magistrate Judge DeMarchi issued a ruling granting Pretrial Services' request and ordered the removal of Defendant's GPS location monitoring condition over the Government's objection. Dkt. No. 31. Judge DeMarchi granted a 24-hour stay to allow the Government to seek district court review of the Order. This Court granted a stay of Judge DeMarchi's Order, set a briefing schedule for the parties and set a hearing date of December 2, 2019. Dkt. No. 32. Subsequently, on October 29, 2019, the Government

1  filed a Motion for Revocation of Order Removing Location Monitoring as a Condition of Release.

2  Dkt. No. 33. Defendant filed his Opposition on November 11, 2019. Dkt. No. 34. The Court then

3  held a hearing on the Government's Motion for Revocation on December 9, 2019. Dkt. No. 36.

4  The Government requests revocation of Judge DeMarchi's pretrial release order (Dkt. 31), arguing that Defendant is a serious flight risk. The Government does not oppose the removal of the curfew condition on Defendant. For the reasons stated below and on the record at the hearing on December 9, 2019, the Court finds the Government has shown by a preponderance of the evidence that the Defendant is a serious flight risk and that a combination of conditions that includes GPS monitoring is the least restrictive means that will reasonably assure the Defendant's appearance for further proceedings and trial. Accordingly, the Government's Motion is GRANTED.

## I. BACKGROUND

Defendant was indicted in 2018 with a single count of Theft of Trade Secrets 18 U.S.C. § 1832(a)(1). The general allegations are that he was previously employed as an engineer with Apple beginning in December of 2015. Dkt. No. 1. He was an engineer on one of Apple's propriety projects. In April of 2018, he took paternity leave after the birth of his child pursuant to Apple's employee policy. Dkt. No. 33. While on paternity leave, he traveled with his family to China. *Id*. In April of 2018, upon his returning from China, he met with his supervisor at Apple and explained he would be resigning from Apple to move back to China in order to be closer to his mother. He also disclosed during the meeting that he intended to work for a Chinese competitor on the same technologies that Apple had hired him to develop for them. *Id*. at 2.

Apple began an internal investigation and subsequently discovered that Defendant had downloaded copious amounts of project information from confidential and secured databases and had improperly accessed Apple's laboratory spaces while he was on leave. It was determined that Defendant downloaded confidential trade secrets and intellectual property. Defendant was terminated from Apple effective May 5, 2018. *Id*. On May 7, 2018, Defendant began working for Apple's Chinese competitor. *Id*. In June of 2018, search warrants were executed on Defendant's residence in San Jose and on devices seized by Apple. Defendant was interviewed by the FBI at

his home and he acknowledged that he downloaded a large amount of Apple's property documents to his wife's laptop. *Id*. Approximately 10 days after the execution of the warrants, the FBI learned that Defendant had purchased a last-minute round-trip ticket with no co-travelers, leaving San Jose on July 7, 2018, and traveling to Beijing, China with a final destination of Hangzhou, China. Agents arrested Defendant at the airport after he had passed through the security checkpoint. Defendant's wife was interviewed at the airport. She claimed that her husband was traveling to China to visit his ill grandfather and to reunite with his infant son, who was in China with her relatives. She disclosed that her husband suffered "anxiety and depression" after the search of their residence and that he drove to Canada "out of nervousness" but returned to the United States a short time later. *Id*.

**II. LEGAL STANDARD**

This Court reviews *de novo* a magistrate judge's order regarding pretrial detention. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for concluding that the district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings.")

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, persons facing trial are to be released under the least restrictive condition or combination of conditions that will "reasonably assure" the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at 1406–07.

Section 3142(g) of the Bail Reform Act contains several factors to evaluate whether there are any conditions of release that will "reasonably assure" a defendant's future appearances and

3

the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person including: (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release . *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121 (citing *Winsor*, 785 F.2d at 757); *see also* Motamedi, 767 F.2d at 1408. Evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger to the community. *Winsor*, 785 F.2d at 757. After a court determines whether a defendant should be detained or released pretrial, the Bail Reform Act provides that the decision may be reopened at any time before trial: if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

**III. DISCUSSION**

In its Motion and at the hearing on December 2, 2019 ("the Hearing"), the Government argued that Judge DeMarchi's order for pretrial release of Defendant should be revoked solely on "flight risk" grounds and did not argue that Defendant poses a danger to the community. The Court therefore does not consider the danger to the community issue.

**A. Flight Risk**

To detain a defendant pretrial on flight risk grounds, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. *Gebro*, 948

4

F.2d at 1121. Here, the Government argues that Defendant is a serious flight risk and asks that the Court maintain the previously ordered GPS monitoring as a condition of his release. The Government argues that the Defendant is a Chinese national who is only permitted to remain in the United States through his work visa. The Government argues that Defendant's family and his wife's family reside in China. His financial connection to the area is less than permanent. As the Government argues, although Defendant owns a home in the area, the home can be sold remotely should he leave the area. Perhaps the most concerning aspect of Defendant's conduct is reflected by his leaving the country and entering Canada just after the search of his home. Though he did return to the United States, he purchased an airline ticket to China shortly thereafter, a country that does not allow the extradition of its own nationals. This impulsive behavior is of concern to the Court and cautions against relaxing the continued use of the device.

Defense counsel argued that the GPS device was an imposition on Defendant that is not necessary. He argued that his client has made all his court appearances and therefore the Court can trust that he will continue to follow all other conditions of pretrial release. The Court finds that the GPS device is a minor inconvenience to the Defendant, at most. Pretrial informed the Court the GPS device is smaller in size than an electronic monitoring device that is alternatively used by their department. The GPS is a step lower than the traditional EMP devices both in fitment and detection protocol. The GPS device has not hindered Defendant in his life. He has secured employment that is not adversely affected by his wearing the device.

The Court recognizes that there have been no incidents of lack of compliance by Defendant or the device during its fitment. This can be viewed as good conduct by Defendant and also that the conditions originally set by the Magistrate Judge are appropriate and can continue to serve as the least restrictive measures to insure compliance with all court orders during the pendency of his case.

Considering all the above-mentioned factors and the totality of the circumstances in this case, the Court finds that the Government has shown by a preponderance of the evidence that the Defendant does present a serious flight risk. The Court therefore, GRANTS the Government's motion and respectfully reinstates the GPS condition originally ordered by Judge DeMarchi.

**IV. CONCLUSION**

For the foregoing reasons and as discussed on the record at the hearing on December 9, 2019, the Government's Request for Review and Motion for Revocation of Order Removing Location Monitoring as a Condition of Release is GRANTED.

**IT IS SO ORDERED**.

Dated: December 20, 2019

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE