DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   FAX: (408) 535-5066
   marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>XIAOLANG ZHANG,<br><br>    Defendant. | CASE NO. 18-CR-00312 EJD<br><br>JOINT MOTION AND ~~PROPOSED~~ ORDER TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

On March 19, 2020, the Court continued the April 20, 2020 status conference in this matter until June 15, 2020, at 1:30 p.m., and ordered an exclusion of time under the Speedy Trial Act on the basis of General Order 72, discussed below, which addresses the challenges of operating during the current COVID-19 pandemic crisis. *See* ECF No 39.

The United States together with the defendant hereby moves this Court for an order finding these additional reasons justifying an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161, from April 20, 2020 to June 15, 2020.

STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXCLUDE TIME     1

### A. The continuance and exclusion in this case is justified under 18 U.S.C. § 3161(h)(7)(A)

Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent. On March 23, 2020, the Court closed the San Jose courthouse entirely until April 7, 2020. General Order 73 (amended). On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses. *Id.*

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

The parties stipulate that General Order 72 applies to the above-captioned case, specifically. COVID-19 is a global pandemic. To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html.

These realities hamper counsels' ability to meet with the defendant, relevant personnel, and witnesses. They also impede necessary investigative efforts, including the collection and review of discovery relevant to both the prosecution and defense cases. A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel continuity of counsel and deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. A continuance and exclusion of time from April 20, 2020 to June 15, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

## **CONCLUSION**

For the foregoing reasons, the requested delay in proceedings is warranted and should be excluded under the Speedy Trial Act's exceptions for ends of justice, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

The undersigned Assistant United States Attorney certifies that she has obtained approval from counsel for the defendant to file this stipulation and proposed order.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

DATED: April 6, 2020

       */s/*
MARISSA HARRIS
Assistant United States Attorney

DATED: April 6, 2020

       */s/*
DANIEL B. OLMOS
Counsel for Defendant

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME   3

## [PROPOSED] ORDER

For the reasons set forth in this Court's General Order No. 72, set forth below in this Order, and set forth in the April 6, 2020 joint motion, this Court finds exclusion from the time limits applicable under 18 U.S.C. § 3161 from April 20, 2020 to June 15, 2020, at 1:30 p.m., is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on these findings, the Court hereby ORDERS that the time between April 20, 2020 and June 15, 2020, at 1:30 p.m., is excluded under the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated: 4/6/2020

HON. EDWARD J. DAVILA
United States District Judge